In application and brief for rehearing counsel for defendant complains of the expression of this Court "Highland Avenue is a right-of-way street, and traffic on Herndon Street, by city ordinance, is required to come to a stop before entering the intersection with Highland." on the ground that there is neither reference to nor proof of such a municipal ordinance either in the pleadings or testimony in this case.
[8, 9] We concede that counsel's observation on this point is technically correct, and we further acknowledge the well-established principle that municipal ordinances are not the subjects of judicial notice. Nevertheless, we find the record in this case replete with references in the testimony of both plaintiff and defendant, as well as that of the police officer who testified in behalf of plaintiff, all admitted without objection, which by inescapable implication establish the fact that Highland Avenue is a favored street, and that traffic entering said thoroughfare from Herndon Street is required to come to a stop.
The defendant himself testified that he knew Highland Avenue to be a main *Page 757 
thoroughfare; that there was a stop sign on Herndon Street, and that he actually came to a stop in observance thereof. The police officer testified that defendant told him he only slowed down at the stop sign and changed gears, and that he informed the defendant that "the stop sign meant stop, and not slow". The officer also testified that while engaged in directing traffic around the wreck another car crossing Highland Avenue "ran" the stop sign, and that he would have caught it for "running that stop sign" except for the fact that he was tied up with his duties directing traffic. The plaintiff testified that she knew Highland Avenue to be a "main thoroughfare", and that she traveled said street on an average of about three times a day.
Plaintiff's petition alleged Highland Avenue to be a main thoroughfare, and this allegation is more than substantiated by the testimony of the several witnesses, to which we have called attention.
[10, 11] The expression "main thoroughfare" is synonymous with "favored street." Under the facts of the instant case it is not material whether Highland Avenue was a right of way street, so designated by city ordinance, or whether it was known and accepted as being such by the parties themselves. Particularly is this true in view of the failure of defendant to deny or rebut the tsstimony which established the factual status of Highland Avenue as a favored street.
The application for rehearing is denied.